United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40169
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JUAN RODRIGUEZ-MENDEZ,
also known as Gregorio Hernandez-Martinez,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-824-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Juan Rodriguez-Mendez appeals his sentence imposed following

his guilty plea conviction for illegal reentry into the United

States following deportation.  Rodriguez argues for the first

time on appeal and pursuant to Apprendi v. New Jersey, 530 U.S.

466 (2000) that the sentencing provisions of 8 U.S.C. § 1326(b)

are unconstitutional.  He concedes that this issue is foreclosed

by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he raises it solely to preserve its further review by the Supreme Court.

Rodriguez also argues that he was sentenced under the unconstitutional mandatory guidelines system and that the error constitutes plain error in light of Booker. Rodriguez further argues that he should not be required to show a reasonable probability of prejudice because a Booker error is structural and insusceptible of harmless error analysis. Rodriguez contends that even if the error was not structural, it affected his substantial rights and the fairness and integrity of the judicial proceeding.

We review for plain error. Sentencing a defendant pursuant to a mandatory guidelines scheme, without an accompanying Sixth Amendment violation, constitutes "Fanfan" error. See United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005).

The court has rejected the argument that Fanfan error is structural and presumptively prejudicial error, holding that it is instead subject to the same plain error analysis set forth in United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005)(No. 04-9517). See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005).

Rodriguez has met the first two prongs of the plain error test because Fanfan error is "error" that is "plain." See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir.

2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556). In order to meet the third prong of the analysis and show that the error affected his substantial rights, Rodriguez bears the burden of showing "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." <u>Mares</u>, 402 F.3d at 520-21. Rodriguez has failed to make that showing and, thus, has failed to show plain error. <u>See</u> <u>United Stares v. Bringier</u>, 405 F.3d 310, 317 n.4 (5th Cir. 2005), <u>petition for cert. filed</u> (July 26, 2005) (No. 05-5535).

AFFIRMED.